IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 14-209-1 |
| | : | |
| MARQUIS WILSON | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                    **March 15, 2023**

Marquis Wilson now moves for the fifth time to reduce his long-considered sentence after the jury convicted him of two bank robberies while on probation. He again argues a post-sentence change in the law warrants release. He offers a post-release plan to live and work with his brother in Georgia. He completed less than twenty-five percent of his sentence. He does not state grounds for compassionate release, nor can we find he does not pose a danger to the community. We deny his most recent motion for compassionate release without prejudice.

**I.      Facts**

Our grand jury returned an indictment charging Marquis Wilson and three co-conspirators of robbing two Wells Fargo bank branches.[1] We proceeded to trial. The jury heard substantial evidence Mr. Wilson entered the banks wearing a mask and ordered employees and customers to the floor at gunpoint.[2] Mr. Wilson and his co-conspirators stole over $150,000 from the two branches.[3] Mr. Wilson played a key role in orchestrating the robberies.[4] The jury convicted Mr. Wilson of conspiracy to commit armed bank robbery; armed bank robbery; aiding and abetting; and carrying, using, and aiding and abetting the use and carrying of a firearm in relation to a crime of violence.[5]

We held an extensive sentencing hearing. We reviewed Mr. Wilson's criminal history. He committed these two bank robberies while serving a two-year term of probation for a state court conviction for driving a stolen vehicle.[6] Mr. Wilson also has three juvenile adjudications.[7] We sentenced Mr. Wilson to 519 months imprisonment and two years of supervised release after considering then-existing mandatory minimums, his significant role in the offense, criminal history, and relevant sentencing factors.[8]

The President signed the First Step Act after we sentenced Mr. Wilson.[9] Congress in the First Step Act changed the law mandating Mr. Wilson's firearm sentences be "stacked" on top of each and served consecutively. Congress directed the stacking requirement now applies only if the defendant had a previous, final conviction for a firearm offense.[10] Mr. Wilson could be sentenced to a minimum 303-month sentence if sentenced today.

Mr. Wilson appealed his 519-month sentence arguing the First Step Act's amendment to section 924(c) should apply retroactively to lower his sentence.[11] Our Court of Appeals affirmed our sentence instructing Mr. Wilson the stacking amendments do not apply retroactively.[12] Mr. Wilson has served approximately 120-months at FCI Allenwood Medium and has a projected release date of January 23, 2051.[13]

### *Mr. Wilson's first motion for compassionate release.*

Mr. Wilson first moved for compassionate release based largely on his health and the very early stages of the pandemic on April 24, 2020.[14] We denied Mr. Wilson's *pro se* motion for compassionate release without prejudice to renew with a showing he exhausted his request for compassionate release with the Bureau of Prisons along with supporting medical information to confirm his at-risk status.[15]

### *Mr. Wilson's second motion for compassionate release.*

Mr. Wilson again moved for compassionate release on October 14, 2020.[16] Mr. Wilson supplemented his previous motion for compassionate release with additional information related to the COVID-19 lockdown at FCI Allenwood and his cancer treatment.[17] We denied Mr. Wilson's motion finding he had "not shown he exhausted his request for compassionate release with the Bureau of Prisons" and for reasons consistent with our April 24, 2020 Memorandum.[18]

### *Mr. Wilson's third motion for compassionate release.*

Mr. Wilson again moved for compassionate release based on his health, the Covid-19 pandemic, and changes in law under the First Step Act on October 19, 2020.[19] Doctors diagnosed Mr. Williams with testicular cancer.[20] He underwent treatment consisting of surgery and four cycles of chemotherapy in September 2018 and has been in remission since.[21] We appointed the Federal Defender to represent Mr. Wilson.  We reviewed extensive medical records and briefing. We denied compassionate release on December 31, 2020 finding Mr. Wilson's cancer in its current state, even in light of the global pandemic, did not constitute extraordinary and compelling reasons for release.[22]

We also found the stacking of Mr. Wilson's firearms sentences under section 924(c) and subsequent changes in law did not present extraordinary and compelling reasons for release.[23] Mr. Wilson's risk to the community and our consideration of the section 3553(a) factors further weighed against release.[24]

### *Mr. Wilson petitioned for habeas relief.*

Mr. Wilson then petitioned for *habeas* relief in May 2021.[25] Mr. Wilson and a co-conspirator alleged four ineffective assistance of counsel claims and eight other claims, including claiming his "stacked" sentence violated the First Step Act and double jeopardy concerns.[26] We

3

denied relief on all claims.[27] We found Mr. Wilson's illegal "stacking" argument meritless because our Court of Appeals already rejected this argument when Mr. Wilson appealed his sentence.[28] Mr. Wilson appealed our denial of habeas relief.[29] Our Court of Appeals denied Mr. Wilson's application for a certificate of appealability because "[j]urists of reason would agree without debate that the District Court correctly denied Wilson's motion pursuant to 28 U.S.C. 2255 for substantially the reasons set forth in that Court's well-reasoned memorandum of September 30, 2021."[30]

**II.     Analysis**

Mr. Wilson now again moves *pro se* for compassionate release arguing his mandatory minimum sentence would be lower today because of the First Step Act's amendment to "stacking" under section 924(c), his crime is no longer a "crime of violence," and his subsequent section 924(c) conviction violates double jeopardy.[31] He argues, in addition to extraordinary and compelling reasons, his 519-month sentence under section 924(c) is "too punitive, unlawful, unconstitutional, and respect for the law requires the sentence be corrected by reduction."[32] Mr. Wilson's post-release plan is to live in Georgia with his brother, the owner of a construction company, upon release.[33] He will support himself financially by working at his brother's company or his brother's father Michael Epps's restaurants.[34]

Mr. Wilson exhausted his administrative remedies.[35] He submitted a request for compassionate release to the Warden of FCI Allenwood on February 2, 2023.[36] Mr. Wilson waited the requisite thirty days to file the instant Motion for compassionate release.

The United States opposes Mr. Wilson's motion.[37] The United States contends both our Court of Appeals and we denied his earlier habeas challenges to the legality of his sentence.[38] The United States further argues "the compassionate release provision in Section 3582(c)(1)(A) does

not authorize relief based on a legal challenge to a defendant's conviction or sentence, thus supplanting the functions served by a direct appeal or petition for habeas relief."[39] We agree with the United States.

Congress allows us to grant compassionate release if Mr. Wilson: (1) "fully exhaust[s] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier;" (2) shows "extraordinary and compelling reasons warrant" a reduction; and (3) shows "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[40] Our Court of Appeals instructs policy statements are "not binding," but "shed[] light on the meaning of extraordinary and compelling reasons."[41] We also must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."[42] Mr. Wilson "bears the burden of proving that extraordinary and compelling reasons exist."[43]

We deny Mr. Wilson's Motion. He does not present extraordinary and compelling reasons for release. We also find Congress's section 3553(a) factors weigh against release.

**A. Mr. Wilson does not present extraordinary and compelling reasons warranting sentence modification.**

Mr. Wilson has not established extraordinary and compelling reasons warrant modifying his sentence.

Mr. Wilson attempts to demonstrate extraordinary and compelling reasons by challenging the legality of his sentence in three ways: 1) the First Step Act amended the section 924(c) "stacking" requirements, 2) his crime is no longer considered a "crime of violence," and, 3) his sentence violates the double jeopardy clause of the Fifth Amendment.[44] The United States counters Mr. Wilson's illegal sentence arguments have previously been decided on appeal and in his habeas

5

petition.[45] It also argues illegal sentence arguments have no place in a compassionate release motion under 28 U.S.C. §3582(c)(1)(A).[46] We agree with the United States.

Mr. Wilson's arguments challenging the legality of his sentence are not novel and have been decided by our Court of Appeals and by us when reviewing his earlier section 2255 petition. First, our Court of Appeals denied Mr. Wilson's argument the First Step Act should apply retroactively instructing "a defendant whom a district court had sentenced before the First Step Act was enacted could not retroactively claim the benefit of section 403(b)."[47] Our Court of Appeals also found Mr. Wilson's 519-month sentence "reasonable."[48] Mr. Wilson is not entitled to the benefit of the First Step Act's elimination of the section 924(c)(1)(C)'s "stacking" requirement.[49] We also addressed this argument when we denied Mr. Wilson's habeas petition.[50] Second, our Court of Appeals affirmed "bank robbery was properly charged and instructed as a 'crime of violence' under 18 U.S.C. § 924(c)."[51] Our Court of Appeals "held that armed bank robbery is categorically a crime of violence under [section] 924(c)(3)'s elements clause."[52] Third, we found Mr. Wilson faced no risk of double jeopardy when we denied his earlier habeas petition.[53] We again find Mr. Wilson does not face any double jeopardy concerns. Mr. Wilson does not present extraordinary and compelling reasons for sentence modification.[54]

We also acknowledge, as argued by the United States, illegal sentence arguments do not present grounds for compassionate release. Our Court of Appeals and sister Circuits have instructed compassionate release is not a backdoor habeas vehicle.[55]

**B.  Mr. Wilson poses a risk of danger to the community.**

Even assuming Mr. Wilson presented extraordinary and compelling reasons for his release, Congress requires we consider whether Mr. Wilson presents "a danger to the safety of any other

6

person or to the community" before we reduce a carefully considered sentence. Mr. Wilson fails to show he warrants a sentence reduction under Congress's instruction.

We analyzed Mr. Wilson's risk to the community and the section 3553(a) factors when reviewing his October 19, 2020 motion for compassionate release.[56] We found Mr. Wilson's criminal history showing "continued disregard for the law" and his several disciplinary infractions while incarcerated posed a serious risk of danger to the community if released.[57] We have no reason to find differently today. We appreciate Mr. Wilson's post-incarceration work and life plan. But he committed armed bank robberies while on probation.

Release would not serve the sentencing policies. Mr. Wilson has served approximately twenty-five percent of his 519-month sentence. This relatively short amount of time in custody compared to his mandated and affirmed sentence weighs against his early release because his present time of incarceration does not reflect the seriousness of Mr. Wilson's bank robbery offenses nor does it further the aims of deterrence and punishment.[58]

### III. Conclusion

We deny Mr. Wilson's fourth motion for compassionate release without prejudice. We find he currently fails to present extraordinary and compelling reasons for his release, he submits arguments better suited for a habeas petition which we already denied, and, even if he did establish extraordinary and compelling reasons, he poses a risk of danger to the community if released.

---

[1] ECF Doc. No. 190.

---

[2] Dec. 7, 2017 Presentence Investigation Report [hereinafter "PSR"] ¶¶ 11-18.

[3] *Id.* ¶¶ 14, 18.

[4] *Id.* ¶¶ 46, 55.

[5] ECF Doc. No. 190.

[6] PSR ¶¶ 70, 72.

[7] *Id.* ¶¶ 65–67.

[8] EFC Doc. No. 341 at 31–33.

[9] *See* First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5222, § 403.

[10] *Id.*

[11] *United States v. Wilson*, 960 F.3d 136, 151-52 (3d Cir. 2020).

[12] *Id.*

[13] Federal Bureau of Prisons, *Inmate Locator* (last visited Mar. 14, 2023) https://www.bop.gov/inmateloc/.

[14] ECF Doc. No. 361.

[15] ECF Doc. No. 363.

[16] ECF Doc. No 367.

[17] *Id.*

[18] ECF Doc. No. 368.

[19] ECF Doc. No. 371.

[20] ECF Doc. No 371-1 at 32, 62.

[21] *Id.* at 11.

[22] ECF Doc. No. 386 at 7–8; ECF Doc. No. 387.

[23] ECF Doc. No. 386 at 8–12.

[24] *Id.* at 12–13.

[25] ECF Doc. No. 395.

[26] *Id.*

[27] ECF Doc. Nos. 416, 417.

[28] ECF Doc. No. 416 at 29; *Wilson*, 960 F.3d at 151 (citing *United States v. Hodge*, 948 F.3d 160, 162–64 (3d Cir. 2020)).

[29] ECF Doc. No. 419.

[30] ECF Doc. No. 451.

[31] ECF Doc. No. 457.

[32] *Id.* at 42.

[33] ECF Doc. No. 457 at 43.

[34] *Id.*

[35] The United States does not dispute Mr. Wilson exhausted this time.

[36] ECF Doc. No. 457 at 45.

[37] ECF Doc. No. 460.

[38] *Id.* at 2. *See Wilson*, 960 F.3d at 151; ECF Doc. Nos. 416, 451.

[39] ECF Doc. No. 460 at 2.

[40] 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021) ("[A] a prisoner's motion may be granted if the court finds that the sentence reduction is (1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable.") (further citation omitted).

[41] *Andrews*, 12 F.4th at 259–60.

[42] 18 U.S.C. § 3582(c)(1)(A)(i).

[43] *United States v. Smith*, No. 09-187, 2020 WL 4047485, at *2 (W.D. Pa. July 20, 2020).

[44] EFC Doc. No. 457.

---

[45] ECF Doc. No. 460 at 2.

[46] *Id.* at 2–4.

[47] *Wilson*, 960 F.3d at 151 (citing *Hodge*, 948 F.3d at 162–64).

[48] *Wilson*, 960 F.3d at 151–52.

[49] *See Hodge*, 948 F.3d at 161, n. 2.

[50] ECF Doc. No. 416 at 29.

[51] *Wilson*, 960 F.3d at 150–51.

[52] *Id.* (citing *United States v. Johnson*, 899 F.3d 191, 204 (3d Cir. 2018).

[53] ECF Doc. No. 416 at 16. The Constitution's Double Jeopardy Clause "protect[s] against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *United States v. Baird*, 63 F.3d 1213, 1215 (3d Cir. 1995). None of these concerns are present.

[54] The United States Sentencing Commission proposed new amendments for reductions in term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on January 12, 2023. The proposed changes relevant to Mr. Wilson would expand the definition of extraordinary and compelling reasons to include changes in law. Under the proposed amendments, extraordinary and compelling reasons can be established when "[t]he defendant is serving a sentence that is inequitable in light of changes in the law." Other proposed changes include expansion of both the medical circumstances of the defendant category and family circumstances category, the addition of the "victim of assault" category, and rephrasing of the "Other Circumstances" catch-all provision. *See* Preliminary "Reader-Friendly" Version of Proposed Amendments (ussc.gov) at 6–8 (last visited Mar. 15, 2023). The proposed amendments are not adopted and are subject to a sixty-day public comment period running through mid-March 2023. We do not consider these proposed amendments today.

[55] *See United States v. Henderson*, 858 F. App'x 466, 469 & n.2 (3d Cir. 2021) (not precedential) (a previously rejected claim of sentencing error does not qualify as an "extraordinary and compelling reason" for compassionate release, and to the extent that the defendant argues that his sentence should be vacated on this basis, such a claim can be raised only in a § 2255 motion); *United States v. McCall*, 56 F.4th 1048, 1058 (6th Cir. 2022) (en banc) ("we do not read 'extraordinary and compelling' to provide an end run around habeas."); *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022) (a defendant "cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead.") (quoting *United States v. Hunter*, 12 F.4th 555, 567 (6th Cir. 2021)). *See also* ECF Doc. No. 460 at 2–4.

[56] *See* ECF Doc. Nos. 361, 386 at 12–13.

[57] ECF Doc. No. 386 at 13.

---

[58] *See United States v. Wilson*, Nos. 19-122-2, 19-123-1, 2020 WL 7640940, at *3 (E.D. Pa. Dec. 23, 2020) (denying compassionate release where petitioner served nineteen months of his seventy-eight-month sentence and "[r]eleasing [petitioner] now would not appropriately reflect the nature and circumstances of his offenses, promote just punishment, or afford adequate deterrence to criminal conduct"); *United States v. Young*, No. 06-710-02, 2020 WL 4925592, at *3-4 (E.D. Pa. Aug. 21, 2020) ("[W]here the defendant has a history of recidivating and has not served a large portion of his sentence, the § 3553(a) factors do not warrant compassionate release.").